UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANSDHER CIVIL and ADRIEL CAAMANO, on behalf of themselves and all others similarly situated, | Index No.: 18-cv-2256 (PK) |
| Plaintiffs, | |
| v. | |
| STARRETT CITY, INC., STARRETT CITY ASSOCIATES, L.P. and GRENADIER REALTY CORP., | |
| Defendants. | |

### ORDER AND FINAL JUDGMENT GRANTING:
### (1) FINAL SETTLEMENT APPROVAL; (2) APPROVAL
### OF ATTORNEYS' FEES AND REIMBURSEMENT OF
### EXPENSES; AND (3) PLAINTIFFS' SERVICE AWARDS

Plaintiffs commenced this action on April 17, 2018 by service and filing of a Complaint

on behalf of current and former hourly paid and non-exempt employees of Starrett City.[1]  In their

Complaint, Plaintiffs generally alleged that the Starrett Defendants violated the Fair Labor

Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and New York Labor Law, Article 6, §§ 190

*et seq.*, Article 19, §§ 650 *et seq.*, and 12 NYCRR § 142-2, by denying straight and overtime

compensation to Plaintiffs by paying them according to their scheduled shifts rather than the

actual time they spent clocked in and performing work-related duties.  On September 13, 2018,

soon after the filing of the Complaint, the Starrett Defendants filed a letter motion seeking a stay

of discovery in the Litigation.  Class Counsel successfully opposed that request, which was

denied by Magistrate Judge Peggy Kuo at a hearing held on October 12, 2018.

---

[1]      Unless otherwise defined, capitalized terms shall have the same meaning as used in the Joint Stipulation of Settlement and Release (a/k/a the Settlement Agreement) (Dkt. No. 56).

Thereafter, on October 19, 2018, the Starrett Defendants requested permission to and did move for dismissal of the Complaint, asserting, *inter alia*, that Plaintiffs had failed to sufficiently particularize their allegations of unpaid compensation or, alternatively, that Plaintiffs' claims were subject to arbitration.   Plaintiffs submitted their opposition to the Starrett Defendants' motion to dismiss.   Prior to the Court ruling on the Starrett Defendants' motion to dismiss, Class Counsel and counsel for the Starrett Defendants conferred and agreed to engage a private mediator to explore settlement of the claims asserted in the Complaint.   In furtherance of that agreement, counsel retained Martin F. Scheinman, Esq. (the "Mediator"), an experienced and well-respected employment wage-and-hour mediator.

On March 14, 2019, during an all-day mediation session before the Mediator, Plaintiffs and the Starrett Defendants reached an agreement in principle to settle the claims of Plaintiffs for $4.5 million.   Shortly thereafter, Class Counsel engaged in multiple discussions with counsel for the Purchaser (who acquired the housing community at Starrett City on May 7, 2018) regarding the possible resolution of claims by Plaintiffs for the period beginning on the date of Purchaser's acquisition through the date of the Preliminary Approval Order (defined below).   These negotiations ultimately culminated in agreement in principle with Purchaser to settle Plaintiffs' post-May 7, 2018 claims in the amount of $250,000 for a collective settlement on behalf of all Class Members in the amount of $4.75 million.

On May 17, 2019, the Parties filed a Joint Motion for Preliminary Approval of the Settlement.   By Order dated June 27, 2019, the Court granted preliminary approval of the Settlement; authorized dissemination of Notice to the Classes; and set a date to consider final approval of the Settlement and the application of Plaintiffs' counsel for payment of attorneys'

fees, reimbursement of expenses, and service awards to Named Plaintiffs and Opt-in Plaintiff Mackenson Vil (the "Preliminary Approval Order").

On August 8, 2019, Notice of the Settlement was disseminated to members of the Classes in English, Spanish, Italian, and French Creole.  Among other things, the Notice contains relevant information about the nature of the lawsuit, including how the Individual Settlement Amounts will be calculated, attorneys' fees and expenses, the proposed service awards to Named Plaintiffs and Opt-In Plaintiff, and how Class Members can exclude themselves from the Settlement or object to the Settlement.  The Class Notice also includes a Request For Exclusion Form for Class Members who do not wish to participate in the Settlement.

On September 9, 2019, Plaintiffs jointly moved for an Order: (1) granting final approval of the Settlement; (2) granting the application of Class Counsel for payment of attorneys' fees and reimbursement of expenses; and (3) granting service awards to the Named Plaintiffs and Opt-in Plaintiff.  The Court held a hearing on that motion on September 25, 2019.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Settlement Agreement, the Parties' briefs, declarations, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1.      Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of this action, all matters relating thereto and all the Parties.

3.      If, for any reason, the Settlement Agreement ultimately does not become effective, the Parties shall return to their respective positions in the Litigation as those positions existed immediately before the Parties executed the Settlement Agreement, and nothing stated in

the Settlement Agreement or any other papers filed with this Court in connection with the Settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in the Litigation or in any other action.

4.      The Notice disseminated to Class Members pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances, was accomplished in all material respects, and fully meets the requirements of Federal Rule 23.

5.      Pursuant to Federal Rule 23, the Court grants final certification of the Classes because they meet all of the requirements of Federal Rule 23(a) and (b)(3).

6.      Pursuant to Federal Rule 23(e), the Court grants final approval of the Settlement. The Court finds that the Settlement is fair, reasonable, and adequate in all respects and that it is binding on all Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order.  The Request For Exclusion Forms of the Class Members who timely requested exclusion from the Settlement were filed with the Court on September 9, 2019. The Court finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.  The Court also finds that the Settlement Agreement is the result of arms'-length negotiations between experienced counsel representing the interests of Plaintiffs, Class Members, and the Settling Entities, after thorough factual and legal investigation.  *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

7.      The Court further finds that the Settlement is adequate given: (i) the complexity, expense and likely duration of the Litigation; (ii) the reaction of Class Members to the Settlement, including the lack of any objections to the Settlement; (iii) the stage of the

proceedings and the amount of discovery completed; (iv) the risks of establishing liability and damages; (v) the risks of maintaining the class action through the trial; and (vi) that the Gross Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

8.      Three Class Members submitted timely Request For Exclusion Forms. Such persons are deemed to have opted out of the Settlement. The names of two of these persons are identified in the Request For Exclusion Forms filed with the Court on September 9, 2019 with the exception of the third Class Member, who sent a timely Exclusion Form, received after the filing on September 9, 2019. All three timely Request For Exclusion Forms are attached hereto as Exhibit A.

9.      The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement Agreement.

10.     The Court has reviewed the Releases described in Section 2.11 of the Settlement Agreement and finds them to be fair, reasonable, and enforceable under the FLSA, Federal Rule 23, and all applicable law.

11.     The Court hereby grants Class Counsel attorneys' fees of $1, 583, 333.33, or 33% of the Gross Settlement Amount, which the Court finds to be fair and reasonable based upon: (i) the number of hours worked by Class Counsel during the Litigation; (ii) the results achieved on behalf of the Classes; (iii) the contingent nature of Class Counsel's representation;

(iv) the complexity of the issues raised by the Litigation; (v) the absence of any objections to the request for attorneys' fees; and (vi) a lodestar cross-check, which reveals that Class Counsel will receive an acceptable multiple to their lodestar expended during the Litigation.

12.     The Court hereby approves Class Counsel's request for reimbursement of litigation expenses in the sum of $50,397.25, which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting this case.

13.     The Court hereby approves service awards of $10,000 for each of the Named Plaintiffs and a service award of $5,000 for Opt-in Plaintiff Mackenson Vil based upon the time, effort and commitment they expended in prosecuting the case on behalf of the Classes.

14.     The Complaint filed in this Litigation and all claims contained therein are dismissed in their entirety with prejudice and without costs as to all Class Members other than those who have opted-out of the Settlement.

15.     By operation of the entry of this Order and the Final Judgment, all Released Claims are fully, finally and forever released, relinquished and discharged pursuant to the terms of the release set forth in Section 2.11 of the Settlement Agreement as to all Class Members other than those who have opted-out of the Settlement.

16.     The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. The Settling Entities in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Classes, individually or collectively, all such liability being expressly denied by the Settling Entities.

17.     The Order and Final Judgment is a final judgment in the Litigation as to all claims among the Plaintiffs, the Class Members who have not opted-out, and the Settling Entities. This

Court finds, for purposes of Federal Rule 54(b), that there is no just reason for delay and expressly directs entry of Judgment as set forth herein.

18.    The Court has received confirmation from the Settling Entities' counsel that any notice required by 28 U.S.C. § 1715 was served upon appropriate Federal and State official(s) on August 15, 2019.   Pursuant to 28 U.S.C. § 1715(d), this Order will become effective on November 13, 2019 (*i.e.*, 90 days after the date on which the appropriate Federal and State official(s) were served notice).

19.    The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.


IT IS SO ORDERED.                    *Peggy Kuo*
                                     _____

DATED:  September 27, 2019           Hon. Peggy Kuo
                                     United States Magistrate Judge

7

Exhibit A

September 5, 2019

Civil, et al. v. Starrett City, Inc                          **SEP 0 9 2019**
RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia PA 19102-9479

I OPT OUT OF THE STARRETT CITY WAGE AND HOUR SETTLEMENT.

John Cornicello
Lieutenant (1/17/18 – 2/15/19)
Currently Deputy Director of Public Safety
19 Union Place
Lynbrook, NY 11563
917-710-1772

Verification signature

STT-50002

AUG 2 0 2019

August 13, 2019

Civil, et al. v. Starrett City, Inc.
RG/2 Claims Administration LLC
P. O. Box 59479
Philadelphia, PA. 19102-9479

To Whom It May Concern:

Please be advised that I, Adrienne Katzman choose to "I Opt out of the Starrett City wage and hour settlement." My title is Executive Secretary. My address is 460 Neptune Ave., apt. 16E, Brooklyn NY 11224. My telephone number is 917-406-0271.

Thank you,

*Adrienne Katzman*

Adrienne Katzman

NATALIE ADDISON
Notary Public, State of New York
No. 01AD6057636
Qualified in Suffolk County
Commission Expires April 23, 20 23

STT-50001

AUG 1 5 2019

August 13, 2019

Civil, et al. v. Starrett City, Inc.
RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA. 19102-9479

To Whom It May Concern:

Please be advised that I, Lynn M. Douglas choose to "I Opt out of the Starrett City wage and Hour settlement." My title is Certified Occupancy Specialist. My address is 8803 Stillwell Place, Brooklyn, New York 11236. My telephone number is 718-688-2989.

Thank you,

Lynn M. Douglas

Lynn M. Douglas

NATALIE ADDISON
Notary Public, State of New York
No. 01AD6057636
Qualified in Suffolk County
Commission Expires April 23, 20 23

STT-50000